John PATTON, Robert Lisiewski, and David Charette, Plaintiffs–Appellants,

v.

DEMOCRAT TOWN COMMITTEE OF WILLINGTON, Republican Town Committee of Willington, John Blessington, Michael Eldridge, Mark Palm-

er, Ann Marie Brown, Elizabeth A. Marco, Mark D. Jones, Chopeta Lyons, Dawn M. Semmelrock, Herbert C. Arico, Laurie Mazich Semprebon, Theresa M. Gareau, Philip J. Nevers, Robert Jellen, Donna Hardie, Willington Town Clerk, Susan Bysiewicz, Connecticut Secretary of State, and Connecticut State Elections Enforcement Commission, Stephen F. Cashman, Chairman, Defendants–Appellees.[1]

No. 07–4617–cv.

United States Court of Appeals, Second Circuit.

Nov. 6, 2007.

1. The Clerk of the Court is directed to amend the official caption as noted above.

Kirk D. Tavtigian, Farmington, CT, for appellants.

Michael C. Harrington (Michael A. Zizka, Michael C. Markowitz), Murtha Cullina LLP, Hartford, CT, for Republican Town Committee of Willington, John Blessington, Michael Eldredge, Dawn M. Semmelrock, Herbert C. Arico, Phillip J. Nevers, and Donna Hardie, Willington Town Clerk.

Robert William Clark, Attorney General's Office, Hartford, CT, for Susan Bysiewicz, Connecticut Secretary of State, and Connecticut State Elections Enforcement Commission, Stephen F. Cashman, Chairman.

Kevin N. Reynolds, Hartford, CT, Edwin J. Malley, Cromwell, CT, and William P. Beccaro, Essex, CT, for Democratic Town Committee of Willington, Mark Palmer, Marie Ann Brown, Elizabeth A. Marco, Mark D. Jones, Chopeta Lyons, Laurie Mazich Semprebon, Theresa M. Gareau, and Robert Jellen.

PRESENT: Honorable ROGER J. MINER, Honorable REENA RAGGI, Circuit Judges, and Honorable JED S. RAKOFF, District Judge.[2]

## SUMMARY ORDER

Plaintiffs, members of the A Sentinel Party, a minor political party in the Town of Willington, Connecticut, move for an emergency injunction barring persons who have been cross-endorsed by the Democratic and Republican Parties from having their names appear on both party lines on a ballot to be used in a municipal election scheduled to be held on Tuesday, November 6, 2007. Because plaintiffs' motion for identical relief was denied last week by the United States District Court for the District of Connecticut, we do not review their motion to this court *de novo*. Rather, we treat it as an expedited appeal from the district court's denial of a preliminary injunction, which we review only for abuse of discretion. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169–71 (2d Cir. 2001); *see also* 28 U.S.C. § 1292(a)(1). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Because plaintiffs seek a preliminary injunction that would (1) "alter, rather than maintain the status quo" with respect to the municipal election, and (2) effectively "stay governmental action taken in the public interest pursuant to a statutory or

**2.** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

regulatory scheme," they carried a heavy burden in the district court. *Beal v. Stern*, 184 F.3d 117, 122–23 (2d Cir.1999) (internal quotation marks omitted). They had to show both that they would suffer "irreparable harm in the absence of an injunction," *Zervos*, 252 F.3d at 172, and a clear or substantial likelihood of success on the merits, *see Beal*, 184 F.3d at 123. Even if we were to conclude that plaintiffs' allegation of constitutional injury from the ballot appearance of cross-endorsed candidates on two party lines stated an irreparable injury, *see Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996), we could not conclude that the district court abused its discretion in ruling that plaintiffs failed to demonstrate likely success on this claim.

First, plaintiffs base their claim on a dubious assertion: that, as a result of cross-endorsing some municipal candidates, the Democratic and Republican Parties effectively merged into a single political party. As a matter of fact, plaintiffs' conclusory assertion of merger is undermined by record evidence that (a) the two parties nominated their candidates separately by independent votes of their membership on distinct days, and (b) the parties did not cross-endorse all candidates. As a matter of law, plaintiffs cite to no authority from any jurisdiction to support their argument that cross-endorsements effectively merge political party identities.

Second, plaintiffs' claim depends on an argument that they do not make, much less support: that Connecticut law is unconstitutional to the extent it specifically entitles each political party to a separate ballot line, see Conn. Gen.Stat. § 9–249a, at the same time that it recognizes a candidate's right to "appear[ ] on the ballot as the nominee of two or more major or minor parties for the same office," *Id.* § 9–

453t; *see also id.* § 9–253 (detailing procedures for ballot organization where "candidate is nominated for the same office by more than one party"). The likelihood that plaintiffs could succeed on such a claim appears remote. *See Shannon v. Jacobowitz*, 394 F.3d 90, 94 (2d Cir.2005) (observing that "[o]nly in extraordinary circumstances will a challenge to a state or local election rise to the level of a constitutional deprivation" (citation and alteration omitted)); *see also Rivera–Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir.2006).

Third, *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1997), relied on by plaintiffs, does not demonstrate the likely success of their claim. *Timmons* effectively holds only that the Constitution does not preclude a state from limiting candidates to a single party line on an election ballot. *See id.* Nowhere does *Timmons* indicate that the Constitution mandates such a limitation. Because such a conclusion would implicate the constitutional rights of the defendant parties, the district court correctly concluded that plaintiffs had not shown the likely success of their claim.

The district court order denying preliminary injunctive relief is hereby AFFIRMED.